IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00491-MSK-MEH

AMY BULLOCK, as an individual, as the next of kin and personal representative of JEFFREY BULLOCK, deceased, and as parent and next friend of ADAM BULLOCK, CHELSEA BULLOCK, and MELISSA BULLOCK,

    Plaintiffs,

v.

FREIGHTLINER, LLC, a division of Daimler Trucks North America, LLC, and
PENSKE TRUCK LEASING COMPANY, L.P.,

    Defendants.

## RECOMMENDATION ON PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Before the Court is Plaintiffs' Motion for Leave to File Second Amended Complaint ("Motion for Leave") [filed August 12, 2008; docket #32]. The motion has been referred to this Court for disposition [docket #33]. Defendants have filed their respective responses [dockets #39 & 40] and Plaintiffs have replied [docket #45]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **RECOMMENDS** Plaintiffs' Motion for Leave be **granted in part and denied in part without prejudice** as premature.

**I.    Background**

Plaintiffs bring a wrongful death action against Defendants for the death of Plaintiff Amy Bullock's spouse and Plaintiffs Adam, Chelsea, and Melissa Bullock's natural parent, Jeffrey Bullock. Mr. Bullock was employed as a truck driver with Dominos Pizza, LLC, and twice per week made deliveries to mountain locations in Colorado. (Pls.' Am. Compl. 3.) During one such delivery, Donald Green, Mr. Bullock's co-driver, lost control of the vehicle and collided with the guard rail, causing the vehicle's tractor and trailer to go "off the side of the road and down an

embankment before coming to a rest." (Pls.' Am. Compl. 4.) Mr. Bullock had been sleeping in the sleeper compartment of the truck tractor while Mr. Green was driving, and Plaintiffs contend the sleeper compartment "failed" during the accident causing Mr. Bullock to be thrown from the vehicle. *Id*. Plaintiffs state Mr. Bullock died from "traumatic internal injuries" at the accident scene as a result of the sleeper compartment's alleged failure. *Id*.

Plaintiffs contend Defendant Freightliner defectively designed and manufactured the sleeper compartment per Defendant Penske Truck Leasing Company's specifications. (Pls.' Am. Compl. 6.) Plaintiffs allege the sleeper compartment lacks appropriate crashworthiness and an adequate restraint system. *Id*. Plaintiffs claim products liability based on negligence and strict liability against both Defendants, and seek compensatory damages for economic and non-economic losses plus interest, fees and costs. (Pls.' Am. Compl. 6-9.)

Plaintiffs' Motion for Leave requests to amend Plaintiffs' First Amended Complaint [filed March 27, 2008; docket #8] to correctly identify both Defendants based on Defendants' submitted Disclosure Statements. This request is unopposed. However, Defendants oppose Plaintiffs' petition to add punitive damage claims against both Defendants. Plaintiffs base this request on Colo. Rev. Stat. § 13-21-102(1.5)(a), which prohibits the inclusion of a claim for punitive or exemplary damages in the initial claim for relief but allows exemplary damages to be claimed by amendment only after the exchange of initial disclosures and after a plaintiff establishes "prima facie proof of a triable issue." Plaintiffs rely on expert reports evaluated by the Pennsylvania Supreme Court in *Hutchinson v. Penske Truck Leasing Co. et al. and Freightliner, LLC*, as well as "the existence of the sleeper compartment door in itself" as prima facie proof of a triable issue allowing a claim for punitive damages. 876 A.2d 978, 985-6 (Pa. 2005); (Pl.'s Reply to Defs.' Resp. to Pl.'s Mot. for Leave 2.)

In opposition, Defendants assert Plaintiffs fail to meet the evidentiary standard required to establish prima facie proof allowing amendment. Defendants argue "Colorado puts a heavy burden on a plaintiff to show why punitive damages are to be awarded in a particular case." (Def. Freightliner LLC's Resp. to Pls.' Mot. for Leave 2 (citing *Juarez v. United Farm Tools, Inc*., 798 F.2d 1341, 1342 (10th Cir. 1986)); *see also* Def. Penske Truck Leasing Co.'s Resp. to Pls.' Mot. for Leave 1 (joining in Freightliner's response as it applies to Def. Penske).) Defendants also rebut Plaintiffs' use of *Hutchinson*, stating the studies Plaintiffs rely on were rejected by the Pennsylvania Court and therefore cannot establish a prima facie case allowing a claim for punitive damages. (Def. Freightliner LLC's Resp. to Pls.' Mot. for Leave 6.)

**II.     Discussion**

Under Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of course at any time before a responsive pleading is served. Once a responsive pleading is filed, a party may amend its complaint only by leave of the court or by written consent of the adverse party. *See Foman v. Davis,* 371 U.S. 178, 182 (1962). The grant or denial of leave is committed to the discretion of the district court. *See Duncan v. Manager, Dep't of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005). The Court must heed Rule 15's mandate that leave is to be "freely given when justice so requires." Fed. R. Civ. P. 15(a); *Foman,* 371 U.S. at 182; *Duncan*, 397 F.3d at 1315. "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman,* 371 U.S. at 182. Leave to amend should be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan*, 397 F.3d at 1315; *see also Foman,* 371 U.S. at 182.

Plaintiffs bring their claim pursuant to Colorado's Wrongful Death Act ("WDA"), Colo. Rev. Stat. § 13-21-202. (Pls.' Am. Compl. 1.) In Colorado, exemplary or punitive damages are available only by statute. *Stamp v. Vail Corp. et al.*, 172 P.3d 437, 447 (Colo. 2007) (citing *Kaitz v. Dist. Court*, 650 P.2d 553, 556 (Colo. 1982)). Plaintiffs seek to amend under Colorado's general exemplary damages provision, Colo. Rev. Stat. § 13-21-102(1.5)(a); however, the Court recognizes § 13-21-203(3)(a) of the WDA as the proper basis for Plaintiffs' request, consistent with the *Stamp* determination that "the procedural guidelines of the general exemplary damages statute do not apply to claims for exemplary damages in wrongful death actions." 172 P.3d at 447-8. The WDA's exemplary damages provision states:

> In all actions brought under section 13-21-201 or 13-21-202 in which damages are assessed by the trier of fact, and the death complained of is attended by circumstances of fraud, malice, or willful and wanton conduct, the trier of fact, in addition to the actual damages, may award reasonable exemplary damages.
> § 13-21-203(3)(a).

Similar to § 13-21-102(1.5)(a), the WDA does not allow a claim for exemplary damages in any initial claim for relief, but permits such claims to be added by amendment sixty days after the exchange of Rule 26 initial disclosures and demonstration by plaintiff of "prima facie proof of a triable issue." § 13-21-203(3)(c)(I). Prima facie proof "may be established through discovery, by evidentiary means, or by an offer of proof." 172 P.3d at 449. The evidence submitted must show "a reasonable likelihood that the issue will ultimately be submitted to the jury for resolution." *Id*. (quoting *Leidholt v. Dist. Court*, 619 P.2d 768, 771 n.3 (Colo. 1980)). In *Stamp*, the Colorado Supreme Court evaluated "party and witness depositions, expert affidavits, and police reports" included with plaintiff's motion to amend to conclude discovery "supplied [plaintiffs] with the requisite prima facie proof." *Id*.

In this case, Plaintiffs do not include any exhibits with their Motion for Leave. The

reports as described in the *Hutchinson* case (not the reports themselves) and declarations that the sleeper compartment itself serves as prima facie proof constitute the only "evidence" suggested by Plaintiffs in support of their motion.  Notably, the *Hutchinson* Court held the reports relied on by Plaintiffs in this case failed the substantial similarity test required for their admission as evidence, and were "improperly admitted to establish defect of the product, causation, or notice or knowledge or state of mind of [Penske Truck Leasing Co. and Freightliner, LLC]." *Hutchinson*, 876 A.3d at 986.  This persuasive conclusion contradicts Plaintiffs' statement that the reports put Defendants on notice of the "crashworthiness" of the sleeper compartment, thereby indicating "fraud, malice, or willful and wanton conduct" as required by the WDA's exemplary damages provision.  Furthermore, Plaintiffs' mere assertion that the existence of the sleeper compartment alone is enough to establish prima facie proof of a triable issue fails without any supportive evidence included with the Motion for Leave.

As such, the Court determines Plaintiffs' Motion for Leave does not meet the evidentiary standard as articulated by *Stamp*, and therefore does not present prima facie proof of a triable issue supporting a claim for exemplary damages.  The Court recognizes the discovery cut-off in this matter is set for March 26, 2009 [docket #29].  Plaintiffs have a number of months to acquire evidence through discovery, if the evidence exists, to meet the threshold required by the WDA as interpreted by the Colorado Supreme Court in *Stamp*.  The Court emphasizes this order does not address the merits of awarding exemplary damages in this case, but simply recognizes Plaintiffs fail to submit the evidence requisite for a finding of prima facie proof of a triable issue, primarily because the discovery process at this stage of the proceedings renders Plaintiffs' Motion for Leave to amend for punitive damages premature.

**III. Conclusion**

Insofar as Plaintiffs' Motion for Leave requests to amend to correctly identify both Defendants based on Defendants' submitted Disclosure Statements, such unopposed request should be granted. For the reasons stated herein, Plaintiffs' request to amend to include punitive damages should be denied without prejudice as premature. Accordingly, the Court **RECOMMENDS** that Plaintiffs' Motion for Leave to File Second Amended Complaint [filed August 12, 2008; docket #32] be **GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE**. Under Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

Dated this 1st day of October, 2008 in Denver, Colorado.

BY THE COURT:

s/Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).