Civil Action No.: 08-cv-00491-EWN-MEH

AMY BULLOCK, as an individual, as the next of kin and personal representative of JEFFREY BULLOCK, deceased, and as Parent and Next Friend of ADAM BULLOCK, CHELSEA BULLOCK, and MELISSA BULLOCK,

Plaintiff,

and,

DOMINO'S PIZZA, LLC,

Plaintiff-Intervenor,

v.

DAIMLER TRUCKS NORTH AMERICA, LLC, a limited liability company (formerly Freightliner, LLC); and PENSKE TRUCK LEASING CO., L.P., a limited partnership.

Defendants.

---

## STIPULATED PROTECTIVE ORDER TO PROTECT THE DISCOVERY AND DISSEMINATION OF CONFIDENTIAL INFORMATION AND DOCUMENTS

---

Upon consideration of the parties' stipulated motion for the entry of a protective order to protect the discovery and dissemination of certain information and documents to be disclosed by the parties, which one or more of the parties claims constitutes confidential business information and/or confidential personal information, and it appearing to the Court that good cause exists to support the issuance of a Protective Order,

IT IS ORDERED that:

1.     Any party who, in the above-captioned lawsuit (the "Lawsuit"), produces or discloses any document, thing or information in any form (which shall be referred to singularly or collectively as "discovery materials") may designate such discovery materials as "CONFIDENTIAL" when, in the good faith judgment of the party making the disclosure, they

contain confidential medical information, competitively sensitive information, confidential business information or other private personal identifying or financial information, the disclosure of which would be detrimental to that party or to persons to whom the party owes a duty of confidentiality. "Discovery materials" includes the information both as originally produced and in any other form, including copies, notes and summaries of such information.

2. The designation of discovery materials as "CONFIDENTIAL" may be effected by visibly marking it "CONFIDENTIAL." To the extent that it would be impractical to visibly mark discovery materials as "CONFIDENTIAL" (e.g., when producing materials in electronic form), discovery materials may also be so designated in contemporaneous correspondence. The inadvertent disclosure in connection with this Lawsuit of one or more documents that the producing party believes to contain or reflect confidential, proprietary or personal and private information shall not constitute a waiver with respect to such discovery materials. In the event of such an inadvertent disclosure of confidential discovery materials, the producing party at any time may provide notice to the other parties directing that all copies of such inadvertently disclosed materials be treated as such, consistent with the terms of this Protective Order. It shall not be a violation of this Protective Order if inadvertently disclosed "CONFIDENTIAL" discovery materials have been disseminated to third parties prior to receiving notice of inadvertent disclosure from the producing party. A party may move, pursuant to paragraph 9, on reasonable notice, and on grounds other than the inadvertent production of such documents, for an order challenging the designation of such documents as "CONFIDENTIAL."

3. No discovery materials marked or designated as "CONFIDENTIAL" may be used by any recipient of such information, or disclosed to anyone, for any purpose other than in connection with this Lawsuit. No discovery materials that have been designated as

"CONFIDENTIAL" may be disclosed by the recipient of such information to anyone other than those persons designated below in paragraph 4.

4.      Discovery materials designated as "CONFIDENTIAL" may be disclosed to: (a) any of the parties to this Lawsuit and their agents and employees involved with this Lawsuit; (b) counsel for any of the parties and their firms' partners, directors, shareholders, associates, paralegals, clerical staff and secretaries who are engaged in assisting such counsel with respect to this Lawsuit; (c) experts retained by a party or counsel and any such expert's employees, assistants, clerical staff and secretaries who are engaged in assisting such expert with respect to this Lawsuit; (d) any person designated on the face of the material to have authored or received the materials; and (e) the Court, its officers and its employees, court reporters, including reporters retained by a party for a deposition.

5.      No expert authorized under paragraph 4(c) of this Protective Order to receive access to "CONFIDENTIAL" discovery materials shall be granted such access until such person has received a copy of this Protective Order and agrees in writing to be bound by it by signing a copy of the agreement attached as Exhibit A to this Protective Order. The original of each such written agreement shall be maintained by counsel for the party that seeks to disclose "CONFIDENTIAL" discovery materials to an expert designated in paragraph 4(c).

6.      Each recipient of "CONFIDENTIAL" discovery materials shall not make any copies of or notes concerning such information for any purpose whatsoever, except in connection with this Lawsuit and solely for the purposes of this Lawsuit.

7.      This Protective Order does not prohibit a party from divulging the contents of discovery materials that it has designated "CONFIDENTIAL" to non-parties to this Agreement, unless such materials have been designated as "CONFIDENTIAL" by another party to this

Agreement. Nor does this Protective Order prohibit an individual from divulging the contents of discovery materials designated as "CONFIDENTIAL" that have been otherwise independently obtained from a public or non-confidential source or sources.

8.     Any discovery materials designated under this Protective Order as "CONFIDENTIAL" which are filed with the court for any purpose shall be filed in conformance with D.C.COLO.LCivR 7.3.

9.     Any party receiving any discovery materials which have been designated as "CONFIDENTIAL" may object in writing to such designation. If such objection cannot be resolved by agreement, the objecting party may file a motion with the Court to determine whether the materials are entitled to protection under this Stipulated Protective Order.  The discovery materials which are the subject of such motion shall be treated in accordance with the designated "CONFIDENTIAL" status pending the Court's decision on the motion.  In all motions to modify a designation, the party propounding the designation shall bear the burden of justifying the particular designation made.

10.     Counsel for each party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any "CONFIDENTIAL" discovery materials, and shall be responsible for taking reasonable steps to ensure that each of his or her firm's attorneys, employees, partners, directors, associates, paralegal assistants, clerical staff and secretaries who are assisting in this Lawsuit and the proposed recipients of discovery materials are informed of the terms of this Protective Order and their obligations under it.

11.     This Protective Order shall not be deemed or construed as a waiver of any right to object to the furnishing of information in response to any discovery request. Nor shall this Protective Order be deemed or construed as a waiver of the attorney/client, work product, or any

other privilege, or of the rights of any party, person or entity to oppose the production of any documents or information on any grounds. Further, nothing in this Protective Order shall be construed to limit, restrict or otherwise affect the ability of any party to seek the production of documents, testimony or information from any source.

12.     Neither this Protective Order nor a party's designation of particular discovery materials as "CONFIDENTIAL" shall be deemed or construed in any way to affect or to establish the admissibility or to waive any right to object to the admissibility at trial of any discovery materials covered by this Protective Order.

13.     If a party inadvertently produces information subject to any privilege, the recipient, upon notice from the producing party of the production and privilege, shall promptly return or destroy all such information, including all copies thereof and all documents incorporating or referring to such information or apply to the Court for guidance regarding the disclosure.

14.     Within 75 days after final termination of this Lawsuit, including all appeals, any recipient of "CONFIDENTIAL" discovery materials under paragraph 4(a) -- (d) of this Protective Order shall deliver all such materials, including all copies thereof and all documents incorporating or referring to such materials except as provided below, to counsel for the party that disclosed the materials to the recipient, unless the parties otherwise agree in writing.  As an alternative, within the same 75-day period, such a recipient may ensure that all documents containing "CONFIDENTIAL" discovery materials are destroyed and such destruction confirmed in correspondence to counsel for the disclosing person. A party and its counsel of record need not destroy or return "CONFIDENTIAL" discovery materials incorporated in documents filed with the court, or claims file documents which incorporate or refer to

"CONFIDENTIAL" discovery information. Counsel of record need not destroy or return "CONFIDENTIAL" discovery materials incorporated in work product retained solely by counsel.

15. This Protective Order shall remain in full force and effect unless modified by an order of the Court or by the written stipulation of all parties hereto filed with the Court. Without limiting the generality of the foregoing, this Protective Order shall survive or remain in full force and effect after the termination of this Lawsuit. Nothing in this Protective Order shall limit or preclude any party from applying to the Court for relief from this Protective Order, or for such further or additional protective orders as the Court may deem appropriate.

16. If any person receiving documents covered by this Order (the "Receiving Party") is served with a subpoena, request for production of documents, or other similar legal process in another proceeding seeking "CONFIDENTIAL" discovery materials, the Receiving Party shall give prompt written notice, by facsimile transmission of such subpoena, request for production, or other legal process, to the undersigned counsel for the party producing the "CONFIDENTIAL" discovery materials. To the extent that applicable law allows, the Receiving Party shall not produce any of the producing party's "CONFIDENTIAL" discovery materials without first providing reasonable notice to counsel for the party producing the materials and allowing such party to take any action it deems necessary. The producing party shall be solely responsible for asserting any objection to the requested production. The Receiving Party shall provide a copy of this Order to any third-party requesting production of "CONFIDENTIAL" discovery materials. Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Order to challenge or appeal any order requiring production of

"CONFIDENTIAL" discovery materials covered by this Order, nor as requiring that such Party subject itself to penalties for non-compliance with any lawful order or process.

17.     The parties agree to be bound by the terms of this Protective Order pending its entry by the Court, and any violation of its terms shall be subject to the same sanctions and penalties, as if this Protective Order had been entered as an order by the Court.

Dated October 10, 2008

STIPULATED TO BY THE PARTIES:

*s/ Michael J. Thomson*
Michael J. Thomson
Purvis Gray, LLP
4410 Arapahoe Avenue, Suite 200
Boulder, CO 80303
**ATTORNEYS FOR PLAINTIFF**

*s/ Darin J. Lang*
Darin J. Lang, #32343
HALL & EVANS, L.L.P
1125 17th Street, Suite 600
Denver, Colorado 80202-5817
(303) 628-3300
**ATTORNEYS FOR DEFENDANT**
**DAIMLER TRUCKS NORTH AMERICA LLC**
**F/K/A FREIGHTLINER LLC**

*s/ Mark E. Macy*
Mark E. Macy
Nathan, Bremer, Dunn & Myers, P.C.
3900 East Mexico Avenue, Suite 1000
Denver, CO 80210
**ATTORNEYS FOR DEFENDANT**
**PENSKE TRUCK LEASING CO. L.P.**

*s/ Ian Ray Mitchell*
Ian Ray Mitchell, Esq.
THOMAS POLLART & MILLER. LLC
5600 S Quebec Street, Suite 220-A
Greenwood Village, CO 80111
**ATTORNEYS FOR**
**PLAINTIFF/INTERVENOR**
**DOMINO'S PIZZA, LLC**

BY THE COURT:

s/ Michael E. Hegarty
_____
Michael E. Hegarty
United States Magistrate Judge

7

EXHIBIT "A"

The undersigned (print or type name of person) hereby acknowledges that he or she received a copy of the Stipulated Protective Order entered into in the case entitled " AMY BULLOCK, as an individual, as the next of kin and personal representative of JEFFREY BULLOCK, deceased, and as Parent and Next Friend of ADAM BULLOCK, CHELSEA BULLOCK, and MELISSA BULLOCK, v. FREIGHTLINER, LLC, a limited liability company and a division of Daimler Trucks North America, LLC; and PENSKE TRUCK LEASING COMPANY, L.P., a limited partnership," (Civil Action No. 08-cv-00491-EWN-MEH), pending before the Federal District Court for the District of Colorado, has read the Stipulated Protective Order, agrees to be bound by all the provisions thereof, and hereby submits to the jurisdiction of the Federal District Court for the District of Colorado for the purpose of enforcement of the terms of the Stipulated Protective Order and the punishment of violations thereof.

Dated:


[Signature]


[Address]