IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-00491-PAB-MEH

AMY BULLOCK, as an individual, as the next of kin and personal representative of
JEFFREY BULLOCK, deceased, and as parent and next friend of
ADAM BULLOCK,
CHELSEA BULLOCK, and
MELISSA BULLOCK,

    Plaintiffs,

v.

DAIMLER TRUCKS NORTH AMERICA, LLC, a limited liability company
(formerly Freightliner, LLC); and
PENSKE TRUCK LEASING COMPANY, L.P., a limited partnership,

    Defendants.
_____

**ORDER**
_____

This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 123], which recommends that plaintiffs' Motion for Leave to File Third Amended Complaint [Docket No. 106] be granted with respect to defendant Daimler but denied with respect to defendant Penske. Both plaintiffs [Docket No. 124] and defendant Daimler [Docket No. 126] timely filed objections to the Recommendation. Plaintiffs have also filed a motion for leave to supplement their objections [Docket No. 130].[1]

---

[1] This motion was filed under seal; the public entry for the document can be found at Docket No. 131. The Court grants the motion and will consider the supplemental evidence in evaluating plaintiffs' objections.

Plaintiffs sued Daimler and Penske for the wrongful death of Jeffrey Bullock, who was killed when he was allegedly ejected from the sleeper compartment in a Daimler-made and Penske-owned tractor trailer in a rollover crash. Plaintiffs assert products liability claims against both defendants. Plaintiffs have now moved to amend their complaint to assert claims for punitive damages based on defendants' purported willful and wanton conduct. It is that motion that was considered by the magistrate judge and is now before me.

The standard for reviewing a magistrate judge's ruling turns on whether that ruling is dispositive of a party's claim or defense. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. A magistrate judge is empowered to determine a nondispositive matter and review of that ruling is to determine only whether the magistrate judge's order was "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). On the other hand, faced with a dispositive motion, a magistrate judge may only make recommendations; if timely objected to, those recommendations are reviewed de novo by the district judge. Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. § 636(b)(1)(B), (C).

There is some confusion over which standard applies to a motion to amend a complaint. *See, e.g.*, *Gordanier v. Montezuma Water Co.*, No. 08-cv-1849, 2010 WL 935665, at *1 (D. Colo. March 11, 2010) (citing *Brown v. Nagem*, No. 05-cv-01408, 2006 WL 2164421, at *1 (D. Colo. July 28, 2006) (discussing standards on motion to amend)). Here, the magistrate judge *ordered* that the motion to amend be granted as to Daimler, suggesting that he viewed that as a non-dispositive action. *See* Mag. Rec.

2

[Docket No. 123] at 1.  However, he only *recommended* denial as to Penske, implying that this decision is a dispositive one.  *Id.*  That assessment makes good sense, as adding a claim for punitive damages does not eliminate the issue while denying such a claim does.  I need not resolve this issue, however, because both plaintiffs and Daimler seek only clear error review.  *See* Pls.' Obj. to Mag. Rec. [Docket No. 124] at 1 (objecting pursuant to Fed. R. Civ. P. 72(a), which applies to non-dispositive matters); Daimler's Obj. to Mag. Rec. [Docket No. 126] at 2 (arguing that the magistrate judge's decision is "clearly erroneous and contrary to law").  The clearly erroneous standard "requires that the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"  *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Under Colorado's Wrongful Death Act, which forms the basis for plaintiffs' suit, claims for punitive damages may only be asserted after a plaintiff has adduced "prima facie proof" that a defendant has acted, *inter alia*, willfully and wantonly.  C.R.S. § 13-21-203(3).  Prima facie proof is not a high bar, but simply requires "'a showing of a reasonable likelihood that the issue will ultimately be submitted to the jury for resolution.'"  *Stamp v. Vail Corp.*, 172 P.3d 437, 449 (Colo. 2007) (quoting *Leidholt v. District Court in and for City and County of Denver*, 619 P.2d 768, 771 n.3 (Colo. 1980)).  The Wrongful Death Act defines "willful and wanton" conduct as "conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety

3

of others, particularly the plaintiff." C.R.S. § 13-21-102(1)(b); *see also id.* § 13-21-203(3)(b). "Where the defendant is conscious of his conduct and the existing conditions and knew or should have known that injury would result, the statutory requirements of section 13-21-102 are met." *Coors v. Security Life of Denver Ins. Co.*, 112 P.3d 59, 66 (Colo. 2005).[2] The magistrate judge found that plaintiffs had met this prima facie standard of willful and wanton conduct as to Daimler, but not as to Penske. Mag. Rec. at 7. Both plaintiffs and Daimler object.

Plaintiffs' objections essentially reiterate the arguments made in their motion to amend. Plaintiffs contend that Penske was a major consumer of Daimler's trucks, created the relevant specifications for the tractor trailer in which Mr. Bullock was riding, and was reckless in relying on manufacturers such as Daimler to safety test the vehicles. Pls.' Obj. at 2 ¶ 4; 3-6 ¶¶ 8-16. In support of these arguments, plaintiffs provided supplemental evidence showing the substantial number of Daimler trucks that Penske has purchased over the past few years. Pls.' Mot. to Supplement [Docket No. 130], Ex. 1. However, none of this evidence or argument demonstrates the sort of knowledge of tractor trailer safety concerns necessary to find that Penske somehow

---

[2] Daimler cites older decisions by the Colorado Supreme Court that appear to call into question this "knew or should have known" standard. Daimler Obj. at 7 (citing, *e.g.*, *Tri-Aspen Const. Co. v. Johnson*, 714 P.2d 484, 486 n.3 (Colo. 1986)). However, even assuming these decisions are in conflict with the pronouncement in *Coors*, in Colorado, "where decisions are conflicting, the latest govern." *Parker v. Plympton*, 273 P. 1030, 1034 (Colo. 1929), *superseded by rule on other grounds as stated in Klipp v. Grusing*, 200 P.2d 917 (Colo. 1948). Moreover, the *Coors* decision is not an outlier, but has been repeatedly relied on since its issuance. *See, e.g.*, *Blood v. Qwest Servs. Corp.*, 224 P.3d 301, 314 (Colo. App. 2009); *E&S Liquors, Inc. v. U.S. Fidelity & Guar. Co.*, No. 08-cv-1694, 2009 WL 837656, at *2 (D. Colo. Mar. 26, 2009). As the most recent binding decision of the Colorado Supreme Court, it is the standard I will apply.

acted in a willful and wanton manner. The magistrate judge did not err in concluding that plaintiffs have not offered the requisite prima facie proof against Penske.[3]

Daimler also objects to the magistrate judge's order that a punitive damages claim could be asserted against it. The magistrate judge specifically found that plaintiffs had adduced evidence that Daimler "knew of the risks posed by rollover accidents involving the vehicle model in question, including knowledge that rollover accidents implicated side-to-side motions, yet refrained from testing side-to-side impact" for the relevant vehicle components. Mag. Rec. at 7. The magistrate judge concluded that this evidence was sufficient to meet the prima facie proof standard. *Id.* Daimler asserts three specific objections to this ruling.

First, Daimler argues that the magistrate judge erroneously considered the *quantity* of evidence offered by plaintiffs rather than the *quality* of that evidence in assessing the prima facie burden. Daimler Obj. at 3-4. Daimler misreads the magistrate judge's order. While the magistrate judge did mention the amount of evidence of knowledge of vehicle safety when comparing the evidence against Daimler with the evidence against Penske, the magistrate judge expressly evaluated the quality and substance of the evidence in permitting the punitive damages claim. Mag. Rec. at 7. This objection is without merit.

Second, Daimler contends that the magistrate judge should not have found prima facie proof of willful and wanton conduct where plaintiffs put forward no evidence

---

[3] Even reviewing this issue de novo as a recommendation on a dispositive matter, I would conclude that plaintiffs' motion to amend should be denied as to Penske.

5

of a similar accident scenario, i.e., a fatality from ejection in a rollover crash. Daimler Obj. at 4-6. Daimler overstates the burdens for asserting a punitive damages claim. Daimler's arguments are, in essence, reasons why the jury should not find it liable. Prima facie proof only requires a reasonable likelihood that the issue will be submitted to the jury. The magistrate judge did not err in concluding that evidence showing Daimler knew of the risks posed by rollover crashes but failed to test the side-to-side impact of their vehicles likely creates a triable issue of willful and wanton conduct.

Finally, Daimler contends that evidence of general knowledge of the risks of rollover crashes, standing alone, is insufficient to show prima facie proof of willful and wanton conduct. Daimler Obj. at 6-8. Even assuming that statement is true, it is not an accurate characterization of the magistrate judge's ruling. The magistrate judge found that knowledge of the risks of rollovers involving the specific vehicle model in question, coupled with evidence that Daimler "refrained from testing side-to-side impact," was enough to meet the standard of prima facie proof. Mag. Rec. at 7. I cannot say that this conclusion was clearly erroneous or contrary to law.

Accordingly, it is

**ORDERED** that Plaintiff's Motion for Leave to File Supplement to Objections [Docket No. 130 (public entry at Docket No. 131)] is GRANTED. It is further

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 123] is ACCEPTED. It is further

**ORDERED** that plaintiffs' Motion for Leave to File Third Amended Complaint [Docket No. 106] is GRANTED in part and DENIED in part, as explained herein.

DATED March 29, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge