IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-00491-PAB-MEH

AMY BULLOCK, as an individual, as the next of kin and personal representative of
JEFFREY BULLOCK, deceased, and as parent and next friend of
ADAM BULLOCK, CHELSEA BULLOCK, and MELISSA BULLOCK,

    Plaintiff,

v.

DAIMLER TRUCKS NORTH AMERICA, LLC,
formerly known as FREIGHTLINER, LLC, and
PENSKE TRUCK LEASING COMPANY, L.P., a limited partnership,

    Defendants.
_____

**ORDER**
_____

This matter comes before the Court on defendant Penske Truck Leasing Company's motion for partial judgment under Federal Rule of Civil Procedure 54(b) [Docket No. 227]. Plaintiff filed this state-law case against defendants Penske and Daimler Truck North America, LLC under a product-liability theory [Docket No. 95]. On March 30, 2010, the Court concluded that Penske did not qualify as a "manufacturer" for purposes of the Colorado Product Liability Act and, instead, was shielded from liability by the Act's innocent seller provision [Docket No. 225]. As a result, the Court granted summary judgment in favor of Penske on all of plaintiffs' claims against it. On April 8, 2010, defendant Penske filed the present motion for judgment under Rule 54(b) [Docket No. 227].

Under Fed. R. Civ. P. 54(b), the district court may direct the entry of a final judgment as to one or more but fewer than all of the claims in a multiclaim case when "there is no just reason for delay." Fed. R. Civ. P. 54(b). However, to be a final judgment for purposes of Rule 54(b), the claims resolved must be "distinct and separable from the claims left unresolved." *Oklahoma Turnpike Authority v. Bruner*, 259 F.3d 1236, 1243 (10th Cir. 2001). Claims are not separable if "the claim that is contended to be separate so overlaps the claim or claims that have been retained for trial that if the latter were to give rise to a separate appeal at the end of the case the [appeals] court would have to go over the same ground that it had covered in the first appeal." *Jordan v. Pugh*, 425 F.3d 820, 827 (10th Cir. 2005) (quoting *Lawyers Title Insurance Corp. v. Dearborn Title Corp.*, 118 F.3d 1157, 1162 (7th Cir. 1997)). Ultimately, the granting of a Rule 54(b) motion is left to the sound discretion of the trial court, which "must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp. v. General Electric Corp.*, 446 U.S. 1, 8 (1980).

Here, although the dispositive issue on summary judgment – defendant Penske's status as a "maunfacturer" – does not overlap with the remaining claims, other issues may. If the plaintiff appealed the Court's order against Penske at this point[1] and the Tenth Circuit reversed and remanded the case, considerable overlap could occur. In light of this potential overlap, the Court examines defendant Penske's interests in a partial judgment to determine whether they should prevail over administrative interests.

---

[1] Defendant Penske's Rule 54(b) motion is unopposed, but there is no suggestion that plaintiff will not appeal the Court's March 30, 2010 order.

However, the motion itself offers only boilerplate: arguing that partial judgment "will best serve the needs of the litigants in this case" and that "a final appealable order under Rule 54 would best serve the interests of justice and efficiency in this case." Def. Penske Truck Leasing Co., L.P.'s Unopposed Mot. to Direct Entry of Final J. Under F.R.C.P. 54(b) [Docket No. 227] ¶¶ 5, 9.

In light of the circumstances, defendant Penske's grounds for seeking partial judgment under Rule 54(b) are insufficient. Therefore, it is

**ORDERED** that defendant Penske Truck Leasing Co., L.P.'s unopposed motion to direct entry of final judgment under Federal Rule of Civil Procedure 54(b) [Docket No. 227] is DENIED.

DATED June 1, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge