IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-00491-PAB-MEH

AMY BULLOCK, as an individual, as the next of kin and personal representative of
JEFFREY BULLOCK, deceased, and as parent and next friend of
ADAM BULLOCK, CHELSEA BULLOCK, and MELISSA BULLOCK,

    Plaintiff,

v.

DAIMLER TRUCKS NORTH AMERICA, LLC,
formerly known as FREIGHTLINER, LLC,

    Defendant.
_____

**ORDER**
_____

    Plaintiff Amy Bullock brought this product liability case against defendant Daimler Trucks North America, LLC ("Daimler") following a motor vehicle accident in which Ms. Bullock's husband, Jeffrey Bullock, was killed. On August 15, 2006, Mr. Bullock, a commercial truck driver for Dominos Pizza, was on a delivery route in the mountains of Colorado with co-driver Donald Green. On their way through Monarch Pass in Gunnison County, Colorado, the truck went off the road. At the time of the accident, Mr. Green was driving and Mr. Bullock was a passenger. Mr. Green survived the accident. Mr. Bullock suffered severe injuries in the accident and died at the scene.

    This matter is before the Court on plaintiff's Rule 702 motion to preclude the testimony of James Chinni [Docket No. 173]. Daimler disclosed to plaintiff that Mr. Chinni "possesses knowledge of the development, design, testing and industry usage of Class 8 tractor restraint systems." Docket No. 173-2 at 2. Furthermore, under his

direction, a modeling analysis was conducted "illustrating the movements of Messrs. Bullock and Green during the subject rollover event with vehicle dynamics data provided by Robert J. Butler, Ph.D., P.E., and Harry Smith, Ph.D., M.D." Docket No. 173-2 at 2.

Plaintiff requests that Mr. Chinni not be permitted to offer such testimony in this case because Daimler has not demonstrated that Mr. Chinni's testimony meets the requirements of Federal Rule of Evidence 702 and because Daimler did not comply with the expert disclosure requirements of Federal Rule of Evidence 26(a)(2). In response, Daimler disavows any intention to have Mr. Chinni offer testimony falling within the ambit of Rule 702 and concedes, by extension, to not having disclosed him in the manner prescribed by Rule 26. As Daimler states, "Mr. Chinni is not an expert for the purposes of this case." Docket No. 211 at 1. The substance of plaintiff's motion, therefore, has been conceded. Mr. Chinni will not be permitted to testify at trial to any matters falling within the scope of Federal Rule of Evidence 702.

Therefore, Mr. Chinni's testimony will be evaluated by reference to Federal Rule of Evidence 701, which provides that:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701. The Court, however, cannot determine at this stage of the litigation whether and to what extent Mr. Chinni might be able to testify as a fact witness regarding restraint systems and the modeling analysis conducted in this case. The

2

specific substance and purpose of such testimony is not in the record before the Court.

Similarly, Daimler's claim that Mr. Chinni should be permitted to authenticate the modeling analysis is not properly before the Court. If and when the question of the admissibility of the modeling analysis is presented at trial, Mr. Chinni's ability to describe the procedure used to enter data provided by others might be relevant to authentication of the demonstrative exhibit. What Daimler's response makes equally clear, however, is that Mr. Chinni will not be offering an opinion that the events in this case, about which he does not have personal knowledge, occurred in any particular way based on his own analysis of the available data. Such would be expert opinion subject to Rule 702 and would be an improper attempt to "proffer[] an expert in lay witness clothing," Fed. R. Evid. 701 advisory committee's notes to 2000 Amendments, an attempt Daimler disclaims.[1]

Finally, Daimler argues that, "assuming this Court considers Mr. Chinni to be an expert, Plaintiff cannot demonstrate harm or prejudice from the alleged 'nondisclosure.'" Docket No. 211 at 3. Daimler, however, does not seek to have Mr. Chinni testify as an expert. Therefore, the Court would have no basis to "assume" him to be an expert or otherwise determine whether any of his potentially expert opinions, which have not

---

[1]Because Daimler limits its attempt to admit Mr. Chinni's testimony regarding the modeling analysis to authentication, the Court reads certain averments in Mr. Chinni's affidavit as providing context and not as the substance of any proposed testimony. For example, Mr. Chinni asserts that the modeling program used in this case "is the worldwide standard for visual illustration of crash worthiness and occupant safety analysis." Docket No. 211-1 at 5, ¶ 16. This testimony will not aid in the authentication of the particular modeling analysis conducted in this case and, therefore, will not be permitted for the purpose for which Daimler offers Mr. Chinni as a witness. *See Bank of China, New York Branch v. NBM LLC*, 359 F.3d 171, 182 (2d Cir. 2004).

been presented to the Court in an expert report, meet the reliability requirements of Federal Rule of Evidence 702.

Therefore, it is

**ORDERED** that plaintiff's motion to preclude the testimony of James Chinni pursuant to Federal Rule of Evidence 702 [Docket No. 173] is GRANTED.

DATED September 30, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge