IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-00491-PAB-MEH

AMY BULLOCK, as an individual, as the next of kin and personal representative of
JEFFREY BULLOCK, deceased, and as parent and next friend of
ADAM BULLOCK, CHELSEA BULLOCK, and MELISSA BULLOCK,

    Plaintiff,

v.

DAIMLER TRUCKS NORTH AMERICA, LLC,
formerly known as FREIGHTLINER, LLC,

    Defendant.
_____

**ORDER**
_____

    Plaintiff Amy Bullock brought this product liability case against defendant Daimler Trucks North America, LLC ("Daimler") following a motor vehicle accident in which Ms. Bullock's husband, Jeffrey Bullock, was killed. On August 15, 2006, Mr. Bullock, a commercial truck driver for Dominos Pizza, was on a delivery route in the mountains of Colorado with co-driver Donald Green. On their way through Monarch Pass in Gunnison County, Colorado, the truck went off the road. At the time of the accident, Mr. Green was driving and Mr. Bullock was a passenger. Mr. Green survived the accident. Mr. Bullock suffered severe injuries in the accident and died at the scene.

    This matter is before the Court on plaintiff's Rule 702 motion to preclude the testimony of Robert Butler [Docket No. 177]. The motion is fully briefed and ripe for disposition.

## I. FEDERAL RULE OF EVIDENCE 702

Pursuant to Federal Rule of Evidence 702,

> [i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. As the rule makes clear, while required, it is not sufficient, that an expert be qualified based upon knowledge, skill, experience, training, or education to give opinions in a particular subject area. Rather, the Court must "perform[] a two-step analysis." *103 Investors I, L.P. v. Square D Co.*, 470 F.3d 985, 990 (10th Cir. 2006). After "determin[ing] whether the expert is qualified by 'knowledge, skill, experience, training, or education' to render an opinion," *id.* (quoting Fed. R. Evid. 702), the specific proffered opinions must be assessed for reliability. *See id.*; Fed. R. Evid. 702 (requiring that the testimony be "based upon sufficient facts or data," be the "product of reliable principles and methods," and reflect a reliable application of "the principles and methods . . . to the facts of the case").

Rule 702 "imposes on the district court a gatekeeper function to 'ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable.'" *United States v. Gabaldon*, 389 F.3d 1090, 1098 (10th Cir. 2004) (quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993)). To execute that function, the Court must "assess the reasoning and methodology underlying the expert's opinion, and determine whether it is both scientifically valid and applicable to a

particular set of facts." *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1221 (10th Cir. 2003) (citing *Daubert*, 509 U.S. at 592-93). When assessing reliability, "the court may consider several nondispositive factors: (1) whether the proffered theory can and has been tested; (2) whether the theory has been subject to peer review; (3) the known or potential rate of error; and (4) the general acceptance of a methodology in the relevant scientific community." *103 Investors I*, 470 F.3d at 990 (citing *Daubert*, 509 U.S. at 593-94). These considerations are not exhaustive. Rather, "the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). Ultimately, the test requires that the expert "employs in the courtroom the same level of intellectual rigor that characterizes the practice of any expert in the relevant field." *Kumho Tire Co.*, 526 U.S. at 152.

While plaintiff, as the proponent of the challenged testimony, has the burden of establishing admissibility, her proffer is tested against the standard of reliability, not correctness; plaintiff need only prove that "the witness has sufficient expertise to choose and apply a methodology, that the methodology applied was reliable, that sufficient facts and data as required by the methodology were used and that the methodology was otherwise reliably applied." *United States v. Crabbe*, 556 F. Supp. 2d 1217, 1221 (D. Colo. 2008).

In sum, expert testimony must be excluded if the expert is unqualified to render an opinion of the type proffered, if the opinion is unreliable, if the opinion will not assist the trier of fact, or if the opinion is irrelevant to a material issue in the case.

3

## II. DISCUSSION

Daimler proffers Dr. Butler, an accident reconstructionist, to testify to seven opinions regarding the nature and degree that the truck rolled during the accident and the impacts it experienced. In her motion, plaintiff objects to all of Dr. Butler's testimony. Her focus, however, is on Dr. Butler's "conclusion that the truck in the subject incident did a complete 360 degree rollover." Docket No. 177 at 2. Daimler attaches an affidavit by Dr. Butler [Docket No. 208-1], who was not deposed by plaintiff, to its response. In his affidavit, Dr. Butler provides further explanation of the methodology he employed, his qualifications, and the facts upon which he relied.

In reply to that affidavit, plaintiff states that, "[h]ad the information contained in the affidavit been disclosed previously, some of the issues raised in Plaintiff's Motion may not have been necessary." Docket No. 219 at 4. Plaintiff, however, fails to identify those issues which are apparently no longer contested. The Court, therefore, will limit its discussion to the sole challenge that is clearly made in plaintiff's reply, namely, her challenge to "the conclusions [Dr. Butler] reaches using [Dr. Frank] Navin's methodology." Docket No. 219 at 4.[1] Based on the presumption that plaintiff's reply brief has not addressed those issues which Dr. Butler's affidavit has resolved, the Court will not discuss Dr. Navin's methodology itself or Dr. Butler's qualifications to offer it. *See Kumho Tire*, 526 U.S. at 152 (affirming that the trial court has the "discretionary authority needed both to avoid unnecessary 'reliability' proceedings in ordinary cases

---

[1]*See* Docket No. 177-1 at 4 (where Dr. Butler cites Frank Navin, Ph.D., "Reconstructing Truck Accidents from Tire Marks – Determining Truck Speed at Rollover," IPTM, University of North Florida).

where the reliability of an expert's methods is properly taken for granted, and to require appropriate proceedings in the less usual or more complex cases where cause for questioning the expert's reliability arises").[2]

Plaintiff's dispute with Dr. Butler's conclusions does not warrant their exclusion. In fact, the manner in which plaintiff disputes his conclusions only emphasizes the admissibility of Dr. Butler's testimony. In other words, plaintiff "challenged [Dr. Butler's theory] in [an] objective sense," which would not have been possible if the opinion was "instead simply a subjective, conclusory approach" incapable of assessment. Fed. R. Evid. 702 Advisory Committee Notes to the 2000 Amendments (citing *Daubert*); *see Crabbe*, 556 F. Supp. 2d at 1223 ("In the 10th Circuit, assessment of the 'sufficien[cy]' of the facts and data relied upon by the witness is a *quantitative*, not qualitative, analysis.") (emphasis in original). As plaintiff recognizes in her motion, the Court's "focus . . . is on the witness's methodology in forming the opinion, not on the opinion itself." Docket No. 177 at 7. However, plaintiff herself admits that "[a]s it stands now, the problem with Butler's conclusions is less about his decision to use Dr. Frank Navin's methodology . . ., and more about the conclusions he reaches using Navin's

---

[2]Plaintiff also complains about the timing of Daimler's disclosure of details regarding Dr. Butler's methodology, i.e., in an affidavit attached to Daimler's response to plaintiff's Rule 702 motion. Had Dr. Butler tried to explain such details for the first time at trial, plaintiff would have had an appropriate basis to object that his failure to include them in his expert report precluded his testimony. However, while it is true that the proponent of an expert bears the burden of establishing the admissibility of any given opinion, Dr. Butler would, in any event, have had the opportunity to explain his methodology during the Rule 702 hearing originally scheduled in this case. The parties, however, jointly requested that the Court vacate such hearing and decide the Rule 702 motions based on the written submissions. Moreover, in response to many of Daimler's Rule 702 challenges to her experts, plaintiff cites her experts' deposition testimony as opposed to their expert reports.

5

methodology." Docket No. 219 at 4. Of course, "an expert's conclusions are not immune from scrutiny," as a "'court may conclude that there is simply too great an analytical gap between the data and the opinion proffered.'" *Goebel v. Denver and Rio Grande Western R. Co.*, 346 F.3d 987, 992 (10th Cir. 2003) (quoting *General Electric Co. v. Joiner*, 522 U.S. 136, 146 (1997)). Here, however, there has been no showing that such a gap exists or reason to conclude that Daimler has failed to meet its burden of establishing the admissibility of Dr. Butler's testimony. Rather, plaintiff essentially contends that her expert is correct and that Dr. Butler is not. That will ultimately be for the jury to decide.

### III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that plaintiff's Rule 702 motion to preclude the testimony of Robert Butler [Docket No. 177] is DENIED.

DATED September 30, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge