**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 08-cv-00491-WJM-MEH

AMY BULLOCK, as an individual, as the next of kin and personal representative of JEFFREY BULLOCK, deceased, and as parent and next friend of ADAM BULLOCK, CHELSEA BULLOCK, and MELISSA BULLOCK,

    Plaintiff,

v.

DAIMLER TRUCKS NORTH AMERICA, LLC, formerly known as Freightliner, LLC,

    Defendant.

## ORDER ON DEFENDANT'S OBJECTIONS TO PLAINTIFF'S DESIGNATION OF DEPOSITION TESTIMONY OF THOMAS CANFIELD, M.D.

Plaintiff Amy Bullock brings this products liability action against Defendant Daimler Trucks North America, alleging that Plaintiff's husband's death in a 2006 tractor-trailer rollover accident was caused by design defects in the truck, which was manufactured by Defendant. One of the central factual disputes in this action is whether Mr. Bullock was ejected from the tractor-trailer during the course of the accident, as Plaintiff alleges (ECF No. 226, ¶ 20), or whether he was contained within the tractor-trailer during the course of the accident, as Defendant alleges (ECF No. 231, ¶ 20; ECF No. 171, at 5.)

This matter is before the Court for decision on Defendant's Objections (ECF No. 380) to Plaintiff's Designation of Deposition Testimony of Thomas Canfield, M.D. (ECF

No. 355), and Plaintiff's Response (ECF No. 382).[1] Dr. Canfield is the forensic pathologist who performed the autopsy on Mr. Bullock. (ECF No. 171, at 19; ECF No. 355-2.) Defendant has submitted fifteen objections to certain designated portions of Dr. Canfield's deposition. Thirteen of those objections are based only on Federal Rules of Evidence 702 and 602. (ECF No. 380, at 5-9 (objections # 1, # 3-11, and # 13-16).) The other two objections include hearsay objections under Federal Rule of Evidence 802. (ECF No. 380, at 5, 8 (objections # 2 and # 12).) In this Order, the Court will first address and resolve the thirteen objections based only on Rules 702 and 602, and will then address and resolve the two objections that include a Rule 802 hearsay objection.

## I. ANALYSIS

### A.     Objections # 1, # 3-11, and # 13-16

Defendant's thirteen objections based only on Rules 702 and 602 all challenge the same opinion of Dr. Canfield, namely, Dr. Canfield's opinion that Mr. Bullock was ejected from the tractor-trailer during the course of the accident.

The Court overrules these thirteen objections for two independent reasons. First, Defendant failed to file a timely motion under Federal Rule of Evidence 702 challenging Dr. Canfield's qualifications to render an opinion as to whether Mr. Bullock was ejected from the tractor-trailer. The Final Pretrial Order, entered on October 21, 2009, identifies Dr. Canfield as an expert witness for Plaintiff, and states, "Dr. Canfield is the forensic pathologist who performed the autopsy on Jeffrey Bullock, and he has knowledge and

---

[1] As to the other pending objections to designations of deposition testimony of other witnesses (see ECF No. 400, 404), the Court will orally rule on those objections on the morning of the first day of trial.

information concerning the events related to the incident of August 15, 2006 as well as knowledge and information concerning Jeffrey Bullock's death and the circumstances surrounding his death." (ECF No. 171, at 19.)  Dr. Canfield was deposed in this action on September 20, 2011.  (*See* ECF No. 355-2.)  Plaintiff designated certain portions of that deposition on September 23, 2011 (ECF No. 355), and Defendant filed counter-designations on September 26, 2011 (ECF No. 357).  It was not until February 27, 2012 – four days prior to the Final Trial Preparation Conference in this action – that Defendant finally objected in any way to Dr. Canfield's testimony.  This late challenge violates the Court's practice standards.  *See* WJM Revised Practice Standard III.F.4 ("Motions under Fed. R. Evid. 702 often require additional time for the Court to fully analyze.  Thus, the parties should file such motions as early as is practicable and, in all civil cases, not later than 60 days prior to the Final Trial Preparation Conference.").  Defendants' objections # 1, 3-11, and 13-16 are overruled on this basis.

Objections # 1, 3-11, and 13-16 are also overruled on the substance of the objections.  The Court finds that Dr. Canfield is qualified to render an expert opinion that Mr. Bullock was ejected from the tractor-trailer during the course of the accident.  Dr. Canfield is well-qualified in the field of forensic pathology.  (ECF No. 382-1.)  Dr. Canfield's autopsy report detailed the severe and numerous contusions, abrasions, and lacerations on Mr. Bullock's body, as well as ingrained dirt and vegetable material, including pine needles, on Mr. Bullock's back.  (ECF No. 382-3, at 5-6.)  Dr. Canfield testified under oath at his deposition that those confusions, abrasions, lacerations, and ingrained dirt and vegetable materials indicate that Mr. Bullock was ejected from the truck during the course of the accident (as opposed to, for example, being dragged from

the truck following the accident). (ECF No. 382-2, at 20:17-21:10; 66:9-68:4.) Dr. Canfield also testified under oath that over the past 45 years he has conducted autopsies on approximately 100 individuals who have been ejected from motor vehicles, and on thousands of other victims of motor vehicle accidents, and that based on that knowledge he believes Mr. Bullock's injuries were caused by an ejection from the tractor-trailer. (*Id.* at 21:11-22:6; 47:4-17.) The Court finds that Mr. Canfield is qualified to express this opinion and that his opinion is sufficiently reliable. *See* Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 593-94 (1993).[2] Because of this ruling, Defendant's Rule 602 objections also lack merit. *See* Fed. R. Evid. 602 ("This rule does not apply to a witness's expert testimony . . . .").

One of Defendant's primary arguments in support of its objections is that Dr. Canfield is not an expert in accident reconstruction, and therefore Dr. Canfield should only be expressing opinions such as that Mr. Bullock died from blunt force trauma. A mechanical engineer engaging in accident reconstruction examines the physical evidence at an accident scene to attempt to reconstruct what occurred during the course of the accident. Some of the relevant physical evidence here was the condition of Mr. Bullock's body following the accident. A mechanical engineer is not qualified to express an opinion regarding how Mr. Bullock's physical injuries reflect what occurred during the course of the accident. Dr. Canfield is so qualified.

Defendants' objections # 1, # 3-11, and # 13-16 are overruled.

---

[2] Federal law governs the admissibility of Dr. Canfield's deposition testimony. *See Orth v. Emerson Elec. Co.*, 980 F.2d 632, 636 (10th Cir. 1992) (in diversity products liability case, court stated that "[f]ederal law controls questions concerning foundation for expert testimony").

**B.     Objections # 2 and 12**

Defendant's Objections # 2 and 12 include hearsay objections under Federal Rule of Civil Procedure 802.  (ECF No. 380, at 5, 9.)  Plaintiff's Response to Defendant's Objections in no way addresses these hearsay issues.  (*See* ECF No. 382.)

The Court agrees with Defendant that this testimony (at 20:6-12 and 46:15-18 of the deposition transcript) is properly excluded under Federal Rule of Civil Procedure 802, and that no exceptions to the hearsay rule apply.  Therefore, the Court will sustain Defendant's Objections # 2 and # 12.

## II.  CONCLUSION

In accordance with the foregoing, the Court ORDERS as follows:

(1)     Defendant's Objections to Plaintiff's Designation of Deposition Testimony of Thomas Canfield, M.D. (ECF No. 380) are SUSTAINED IN PART and OVERRULED IN PART;

(2)     Defendant's Objections are sustained as to objections # 2 and 12.  Plaintiff will not be allowed to play for the jury the following portions of Dr. Thomas Canfield's videotaped deposition:  page 20, lines 6 through 12; and page 46, lines 15-18 (starting with "I").

(3)     As to all other of Defendant's Objections, the Objections are overruled.

Dated this 14th day of March, 2012.

BY THE COURT:

_____
William J. Martínez
United States District Judge